UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

DR. JON M. STRAUSS,

                Plaintiff,

      v.

THE KENTUCKY BOARD OF MEDICAL LICENSURE,

                Defendant.

<u>DECISION AND ORDER</u>

19-CV-6537L

───────────────────────────────────────────────

DR. JON M. STRAUSS,

                Plaintiff,

      v.

KENTUCKY BOARD OF MEDICAL LICENSURE,

                Defendant.

19-CV-6587L

───────────────────────────────────────────────

JON MATTHEW STRAUSS,

                Plaintiff,

      v.

KENTUCKY BOARD OF MEDICAL LICENSURE,

                Defendant.

20-CV-6093L

───────────────────────────────────────────────

**INTRODUCTION**

Since March 2019, *pro se* plaintiff Jon M. Strauss ("Strauss") has filed five lawsuits in this Court against defendant Kentucky Board of Medical Licensure (the "KBML"). *See Strauss v. Kentucky Board of Medical Licensure*, 19-cv-6234 (March 29, 2019) (the "March Action");

*Strauss v. Kentucky Board of Medical Licensure*, 19-cv-6288 (April 17, 2019) (the "April Action"); *Strauss v. Kentucky Board of Medical Licensure*, 19-cv-6537 (July 17, 2019) (the "July Action"); *Strauss v. Kentucky Board of Medical Licensure*, 19-cv-6587 (August 9, 2019) (the "August Action"); *Strauss v. Kentucky Board of Medical Licensure*, 20-cv-6093 (February 12, 2020) (the "February Action").

Each of these actions stems from the same set of basic facts and alleges the same causes of action against the KBML.[1] In short, due to allegations and complaints filed against Strauss, who was licensed to practice medicine in the Commonwealth of Kentucky, the KBML placed Strauss on probation on October 4, 2010, with certain restrictions on his medical license, and subsequently revoked Strauss's medical license on March 27, 2014. Strauss claims that these actions violated his Constitutional Due Process rights under the Fifth and Fourteenth Amendments.

Pending now are several of Strauss's *in forma pauperis* applications. (*See* August Action, Dkt. # 3; February Action, Dkt. # 4). In the Court's view, there is little, if any, difference between Strauss's pending lawsuits. Indeed, all Strauss's complaints contain similar, if not the same, allegations, claims, and desired relief. Therefore, the Court will resolve both pending *in forma pauperis* motions, and screen all Strauss's pending complaints, in this single decision.

Consistent with my August 1, 2019, Order, in the March and April Actions, I grant Strauss *in forma pauperis* status. However, for the reasons stated below, I find that Strauss's complaints are subject to dismissal in their entirety.

---

[1] The Court takes judicial notice of the fact that the KBML is a creation of the Commonwealth of Kentucky and "exercise[s] all medical and osteopathic licensure functions" within Kentucky. KY. REV. STAT. ANN. § 311.530(1); *see also Teasley v. Gibson*, 2018 WL 4378720, *1 (Ky. Ct. App. 2018) (stating that the KBML "is the administrative agency which regulates the practice of medicine and osteopathy in the Commonwealth of Kentucky").

## BACKGROUND

This Court previously granted Strauss *in forma pauperis* status in the March Action on July 12, 2019 (*see* March Action, Dkt. # 6), but had yet to decide that same request in the April Action.

By letter dated July 15, 2019, Strauss wrote the Court seeking to voluntary withdraw the March Action and April Action, and requesting permission to file a new case "in the guise of a Writ of Mandamus." (March Action, Dkt. # 7; April Action, Dkt. # 4). According to Strauss, he sought this course of action after, among other things, "assiduously re-studying [his] position and the laws governing jurisprudence on a Federal Level." (*Id.*).

By Order dated August 1, 2019, this Court granted Strauss's request. (*See* March Action, Dkt. # 8; April Action, Dkt. # 5).[2] The Court further advised that "[i]f plaintiff wishe[d] to proceed with [a Writ of Mandamus], he must file a new action indicating the relief requested and the basis of jurisdiction in this Court." (*Id.*). The Court also indicated that it would "allow plaintiff to proceed *in forma pauperis*." (*Id.*).[3]

On August 9, 2019, Strauss filed a "Petition for a Writ of Mandamus." (August Action, Dkt. # 1). On December 19, 2019, Strauss filed a motion to proceed *in forma pauperis* in that action, which remains pending before this Court. (August Action, Dkt. # 3).

Curiously, Strauss filed a separate complaint on February 12, 2020, and an accompanying motion for leave to proceed *in forma pauperis*. (February Action, Dkt. ## 1, 2). He then filed an

---

[2] Because Strauss voluntarily withdrew the April Action, his *in forma pauperis* motion in that case (*see Strauss v. Kentucky Board of Medical Licensure*, 19-cv-6288, Dkt. # 2), is denied as moot.

[3] Prior to the Court's August 1, 2019, Order, Strauss filed the July Action, which remains pending but with no open motions and no docket activity since the filing of the complaint on July 17, 2019. Given the flood of cases Strauss has filed in this District, one wonders if he has forgotten that the July Action remains pending, or if he intended the August Action to supersede the July Action after receiving this Court's August 1, 2019, Order. In any event, it is clear that the complaints in the July Action and August Action are both explicitly styled as writs of mandamus, contain nearly identical allegations, and request the exact same relief. Therefore, resolution of the August Action will also resolve the July Action, in which, again, Strauss has taken no action since July 2019.

3

amended complaint in that action on February 28, 2020, and an amended motion for leave to proceed *in forma pauperis*. (February Action, Dkt. ## 3, 4). There is no decipherable difference between the original and amended complaints in the February Action. Still, I will accept the amended complaint and motion as the operative filings in that action.[4]

**DISCUSSION**

All of Strauss's complaints must be dismissed, because this federal court sitting in the Western District of New York lacks personal jurisdiction over defendant, the Kentucky Board of Medical Licensure, and because even if this Court had personal jurisdiction, it has no power to compel a state agency like the KMBL to take the action Strauss requests in his complaints. Strauss's complaints therefore lack any basis for relief.

### A. <u>Screening the *In Forma Pauperis* Complaints</u>

The *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), requires a district court to assess an *in forma pauperis* complaint, and to dismiss it, where: (1) the action is frivolous or malicious; (2) the complaint fails to state a claim on which relief may be granted; and/or (3) the complaint seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). This obligation applies equally to prisoner and non-prisoner *in forma pauperis* cases. *See, e.g.*, *Chestnut v. Wells Fargo Bank, N.A.*, 2012 WL 1657362, *2-3 (E.D.N.Y. 2012). A court must also dismiss a complaint if it lacks subject matter jurisdiction over the matter, an issue which the court is permitted to raise *sua sponte*. *See* FED. R. CIV. P. 12(h)(3); *see also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006), *cert. denied*, 549 U.S. 1282 (2007).

---

[4] The first motion for leave to proceed *in forma pauperis* is therefore denied as moot. (*See Strauss v. Kentucky Board of Medical Licensure*, 20-cv-6093, Dkt. # 2).

It is well settled that *pro se* pleadings are held to less stringent standards than those drafted by attorneys. As such, Strauss is entitled to a liberal construction of his *pro se* complaints, and the Court will interpret them using the strongest arguments they suggest. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

Notwithstanding this liberal construction, I find that a review of Strauss's complaints against the KBML demonstrates that they are frivolous and subject to dismissal for lack of subject matter and personal jurisdiction.

### B. Mandamus Relief

In sum, Strauss seeks mandamus from this Court "directing the KBML to immediately negate it's [sic] . . . final order of probation with restrictions on [Strauss's] medical license dated October 4th, 2010 and immediately, negate it's [sic] final order dated March 27th, 2014 revoking [Strauss's] medical license and order it be reinstated absent any restrictions, and for such other and further relief as the Court might deem necessary." (*See* August Action, Dkt. # 1 at ¶ 14; July Action, Dkt. # 1 at 4 (same); *accord* February Action, Dkt. # 3 at 5 (requesting an "impartial judge and jury to evaluate and decide [his] case and find[] [him] innocent[,] return [his] medical license[,] [and] declar[e] the entire process 'void ab initio' along with an apology from the [KBML] to the families of [his] practice")).

Fatal to his complaints is the fact that Strauss pursues mandamus relief against the KBML. The KBML is unquestionably an agency of the Commonwealth of Kentucky. *See supra* n.1. The mandamus statute, however, only provides federal district courts with jurisdiction over "any action . . . to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis supplied).

5

In other words, and critically for our purposes here, "[t]he federal courts have no general power to compel actions by state officials[.]" *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *accord LeBron v. Armstrong*, 289 F. Supp. 2d 56, 58 (D. Conn. 2003) ("By its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty."). *See, e.g.*, *DeJesus v. Rudolph*, 2019 WL 5209599, *2 (S.D.N.Y. 2019) (denying *pro se* plaintiff's request for mandamus upon review pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction; "this [c]ourt does not have jurisdiction to compel city actors to perform their duties"); *Lee v. Lynch*, 2016 WL 727857, *2 (E.D. Mich. 2016) ("Consequently, the [c]ourt lacks subject matter jurisdiction to issue a writ of mandamus as to the state officials named as defendants in this case. . . . Plaintiff's mandamus action against the state defendants is therefore frivolous and must be dismissed"); *Bey v. New Jersey*, 2011 WL 6756926, *2 (D.N.J. 2011) ("Here, the [c]ourt finds no basis for mandamus relief[;] . . . [m]ost significantly . . . [p]etitioner's mandamus action is asserted against state officials, not federal officials, and therefore, the mandamus action must be dismissed for lack of subject matter jurisdiction").

Again, Strauss desires to have this Court compel the KBML to take certain actions regarding his Kentucky medical license. Based on the above authority, however, this Court is without jurisdiction over that request. Therefore, I dismiss Strauss's complaints as frivolous on the basis that this Court lacks subject matter jurisdiction over them.

### C. <u>Lack of Personal Jurisdiction</u>

In addition, and alternatively, to the extent that Strauss's pending cases could be construed as requesting something other than a writ of mandamus – which is not at all clear – I find that dismissal is warranted based on this Court's lack of personal jurisdiction over the KBML.

"Where a plaintiff's filings raise questions as to whether a district court may permissibly exercise personal jurisdiction over a non-appearing defendant, the court may consider *sua sponte* whether the plaintiff has set forth facts justifying the assertion of personal jurisdiction." *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, *6 (S.D.N.Y.), *adopted by*, 2016 WL 3453656 (S.D.N.Y. 2016), *aff'd*, 691 F. App'x 8 (2d Cir. 2017). In a federal question case such as this where the defendant resides outside the forum state, and where the federal statute does not provide for nationwide service, "a federal court applies the forum state's personal jurisdiction rules[.]" *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997). "To establish personal jurisdiction under New York law, a plaintiff must demonstrate either that the defendant was present and doing business in New York . . . or that the defendant committed acts within the scope of New York's longarm statute[.]" *Pascarella v. Sandals Resort Int'l, Ltd.*, 2020 WL 1048943, *3-4 (S.D.N.Y. 2020) (alterations, quotations, and citations omitted).

Under New York's long arm statute, courts may, in certain circumstances, exercise personal jurisdiction over a non-domiciliary who commits a tortious act outside the state causing injury inside the forum state. *See* N.Y. C.P.L.R. § 302(a)(3). "Courts determining whether there is injury in New York sufficient to warrant CPLR § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury." *Wang v. N.Y.C. Health & Hosp. Corp.*, 2016 WL 2772188, *2 (S.D.N.Y.) (alterations, quotations, and citations omitted), *adopted by*, 2016 WL 2766653 (S.D.N.Y. 2016). "The situs of the injury is the location of the *original* event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." *Id.* (citation omitted).

Here, no plausible reading of Strauss's complaints comes close to showing that this Court has personal jurisdiction over the KBML for the conduct at issue. Strauss has not alleged that the

7

KBML was ever present, doing business, or had sufficient contacts within New York at any point during the relevant events in this case. Moreover, the injury at issue in Strauss's cases – the loss of his Kentucky medical license –indisputably occurred in the Commonwealth of Kentucky, as did, in fact, all the alleged conduct in his cases. Therefore, Strauss has suffered no injury within New York sufficient for this Court to exercise personal jurisdiction over the KBML.

Strauss's complaints, therefore, are also dismissed as frivolous for the additional and alternative reason that this Court lacks personal jurisdiction over the KBML.

## CONCLUSION

For the reasons stated above, Strauss's motions to proceed *in forma pauperis* (*see Strauss v. Kentucky Board of Medical Licensure*, 19-cv-6587, Dkt. # 3; *Strauss v. Kentucky Board of Medical Licensure*, 20-cv-6093, Dkt. # 4) are granted, but his complaints (*see Strauss v. Kentucky Board of Medical Licensure*, 19-cv-6537, Dkt. # 1; *Strauss v. Kentucky Board of Medical Licensure*, 19-cv-6587, Dkt. # 1; *Strauss v. Kentucky Board of Medical Licensure*, 20-cv-6093, Dkt. # 3) are dismissed in their entirety, *sua sponte*.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Decision and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 26, 2020.